134

## In re GRAIN PRODUCTS CORPORATION.

District Court, S. D. New York.
May 12, 1937.

Victor Roudin, of New York City, for Arthur Herssens et Cie.

Katz & Sommerich, of New York City (Maxwell C. Katz and Raymond T. Heilpern, both of New York City, of counsel), for debtor.

PATTERSON, District Judge.

The debtor's petition for reorganization under section 77B, Bankr.Act, as amended, (11 U.S.C.A. § 207), was approved by order of April 23, 1937. By the same order the debtor was left temporarily in possession and all other proceedings against it were stayed. The present motion is by Herssens & Co., a Belgian concern, appearing specially, to have the stay lifted.

Some years ago the debtor and Herssens & Co. made an agreement for a joint adventure in purchasing and selling malt. Operations under the joint adventure came to an end in June, 1935. Disputes having arisen and each party having asserted claims against the other, an arbitration was agreed on. The debtor later declined to go forward with arbitration, whereupon Herssens & Co. obtained an order of the New York Supreme Court directing the debtor to arbitrate. Hearings were begun in April, 1936, before three arbitrators, one chosen by each party and one by the Presiding Justice of the Appellate Division, First Department. In May, 1936, the debtor, pursuant to a stipulation made with its adversary, deposited $94,000 with Guaranty Trust Company, to abide the result of the arbitration. The arbitration is still in course of progress.

I am of opinion that the restraining order should be modified so as to permit the parties to go forward with the arbitration. Whether a debtor in reorganization should as a general rule be forced to specific performance of a contract to arbitrate is a matter on which there seems to be no authority and which I do not have to decide. The present case has the unusual feature that more than four months prior to the beginning of the reorganization proceeding a fund was deposited by the debtor to be paid to the winner of the arbitration. The deposit of this fund was in effect the posting of collateral security by the debtor to cover the claim asserted against it by Herssens and then in course of arbitration. As soon as the deposit was made, Herssen acquired an adverse interest in the fund, contingent on the result of the arbitration, and that interest is not wiped out or diminished by the commencement of the debtor's insolvency proceeding nearly a year later. There is no way by which Herssens can establish his inchoate interest in the deposit and get possession of it except by continuance of the pending arbitration. There is no essential difference between this case and a case where an adverse party has brought suit against a bankrupt and has levied an attachment against property of the bankrupt more than four months prior to bankruptcy. In the latter situation the attachment is not dissolved by the subsequent bankruptcy, and the attaching litigant is entitled to press his suit without hindrance from the bankruptcy court. It follows that the arbitration proceeding should not be stayed or interfered with.

Herssens offered at the oral argument to continue the arbitration with only the arbitrator selected by the state court instead

of with the three present arbitrators, in an effort to save time and money. The debtor will be directed to accept this offer, and the order to be entered will carry a paragraph to this effect. The order may be settled on two days' notice.